USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/12/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
NIKI CATRINA GONDOLA,                                       :
                                                            :
                              Plaintiff,                    :
                                                            :        18-CV-3173 (VEC)
              -against-                                     :
                                                            :        ORDER ADOPTING
                                                            :        REPORT &
NANCY A. BERRYHILL,                                         :        RECOMMENDATION
   Acting Commissioner of Social Security,                  :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

   WHEREAS on April 16, 2018, Plaintiff Niki Catrina Gondola, proceeding *pro se*, filed a complaint against the Commissioner of Social Security, Nancy A. Berryhill, seeking review of the Social Security Administration's denial of her application for disability benefits, Dkt. 7;

   WHEREAS on April 30, 2018, the Court referred this case to Magistrate Judge Moses, Dkt. 8;

   WHEREAS on April 29, 2018, attorney Irwin Milton Portnoy appeared on behalf of Plaintiff, Dkt. 13;

   WHEREAS on March 26, 2019, the parties filed a joint stipulation agreeing to reverse the Defendant's decision to deny Plaintiff's disability benefits and remand the matter for further administrative proceedings before the Social Security Administration, Dkt. 29;

   WHEREAS the Plaintiff moved for attorney's fees related to Plaintiff's claim for disability benefits, *see* Dkts. 32, 36, and the parties settled this first fees request, *see* Dkt. 41;

   WHEREAS the Plaintiff made additional requests for attorneys' fees after Plaintiff was awarded outstanding benefits, *see* Dkts. 42, 45, 46, pursuant to the Plaintiff's agreement to pay

counsel 25% of any past-due benefits that she received from the Social Security Administration, *see* Dkt. 43–1, which this Court granted on July 2, 2021, Dkt. 49;

WHEREAS on October 7, 2021, Plaintiffs' counsel moved for additional fees based on past-due benefits awarded to Plaintiff's child, Dkt. 58, and this motion was subsequently amended on October 18, 2021, Dkt. 61;

WHEREAS on October 19, 2021, the Court ordered the parties to file a joint stipulation and order resolving the request for additional fees, Dkt. 64;

WHEREAS on November 29, 2021, Defendant stated that she could not enter into a joint stipulation regarding the additional fees request because Defendant "is not a real party in interest," Dkt. 67 at 2;

WHEREAS on November 29, 2021, Plaintiff's counsel renewed their motion for additional fees, Dkt. 68;

WHEREAS on November 30, 2021, the Court amended the order of reference to include Plaintiffs' motion for attorneys' fees, Dkt. 71;

WHEREAS on July 22, 2022, Judge Moses entered an R&R, recommending that Plaintiff's motion be granted, and that Plaintiff's counsel be awarded an additional $10,143.35 in attorneys' fees, Dkt. 74 at 1;

WHEREAS in the R&R, Judge Moses notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, R&R at 13;

WHEREAS Judge Moses further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS no objections were filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS although careful review of the R&R reveals that there is no clear error, the Court would be remiss if it did not stress its disappointment in how Plaintiff's counsel handled their application for fees in this matter.  While the Court agrees with the Judge Moses that counsel achieved an excellent result for their client, counsel did a less-than professional job in their many motions for fees.  As mentioned in the R&R, virtually every motion for fees was "later amended, corrected or withdrawn," R&R at 2, creating unnecessary work for the Court.  That lack of care in their court submissions (also evidenced by the fact that over 10% of the time reflected on the timesheets counsel submitted as support for their fee request in this case time did not relate to this matter, R&R at 3 n.3) could have warranted the Magistrate Judge in questioning the reasonableness of the requested fee.  After all, if counsel's work on the underlying matter reflected the same lack of attention to detail as their fee requests, the excellent result of this case may not be a credit to counsel's work.

IT IS HEREBY ORDERED that the R&R is adopted in full, Plaintiff's motion is GRANTED, and that Plaintiff's counsel is awarded an additional $10,143.35 in attorneys' fees. The Clerk of Court is respectfully directed to close the case and to terminate any open motions.

IT IS FURTHER ORDERED that because the R&R gave the parties adequate warning, *see* R&R at 13, the failure to file any objections to the R&R precludes appellate review of this decision.  *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").  Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

**SO ORDERED.**

Date:  **August 12, 2022**
       **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**